Prob 12B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

PETITION TO MODIFY THE CONDITIONS OR TERM OF SUPERVISION
WITH CONSENT OF THE OFFENDER
*(Probation Form 49, Waiver of Hearing, is on file)*

| | |
|---|---|
| **Offender Name:** | Monik Michelle GRIMES |
| **Docket Number:** | 1:06CR00032-001 |
| **Offender Address:** | Bakersfield, California |
| **Judicial Officer:** | Honorable Oliver W. Wanger<br>Senior United States District Judge<br>Fresno, California |
| **Original Sentence Date:** | 09/05/2006 |
| **Original Offense:** | <u>Counts 1 through 5</u>: 18 USC 1343 and 2 - Wire Fraud and Aiding and Abetting (CLASS C FELONIES)<br><u>Count 6</u>: 18 USC 1001 - False and Fictitious Statements to the FBI (CLASS D FELONY) |
| **Original Sentence:** | 27 months BOP; 36 months TSR; $600 special assessment; $7,825 restitution; and, mandatory drug testing |
| **Special Conditions:** | Warrantless search and seizure; Not dissipate assets; Financial disclosure; Credit restrictions; Substance abuse counseling; Substance abuse testing; mental health treatment; $25 co-payment; and, DNA collection |
| **Type of Supervision:** | Supervised Release |
| **Supervision Commenced:** | 05/02/2008 |
| **Assistant U.S. Attorney:** | Stanley A. Boone    **Telephone:** (559) 497-4000 |
| **Defense Attorney:** | Eric V. Kersten    **Telephone:** (559) 487-5573 |
| **Other Court Action:** | |
| **10/21/2008**: | Petition to modify conditions of supervision with consent of offender submitted advising the Court of the defendant's |

RE:   **Monik Michelle GRIMES**
      **Docket Number:  1:06CR00032-001**
      **PETITION TO MODIFY THE CONDITIONS OR TERM**
      **OF SUPERVISION WITH CONSENT OF THE OFFENDER**

illicit drug use.  The Court modified conditions of supervision to include the defendant's participation in home detention for a period of 60 days under the electronic monitoring program.

---

**PETITIONING THE COURT**

**To modify the conditions of supervision as follows:**

1.   The previously ordered special condition requiring the defendant to serve 60 days home confinement under the electronic program is hereby deleted.

2.   The defendant shall reside and participate in a residential community corrections center, Turning Point for a period of 30 days; said placement shall commence as directed by the probation officer pursuant to 18 USC 3563(b) (11).  The defendant shall pay the cost of confinement as determined by the Bureau of Prisons.

**Justification:**   On September 17, 2008, the defendant submitted a urine sample to her substance abuse treatment program which returned a positive result for the presence of Phencyclidine, otherwise known as PCP.  The Court was notified and approved a modification in the defendant's conditions of supervision to require her completion of 60 days home confinement under the electronic monitoring program.  Normally, under those circumstances, the probation officer would have recommended a residential re-entry center placement.  However, home confinement was sought due to the fact the defendant's husband was unavailable to assist with child care due to his recent placement in the residential re-entry center.

Prior to commencement of home confinement, the defendant again engaged in illicit drug use. Specifically, on October 28, 2008, the defendant submitted a urine sample to her substance abuse treatment program which returned a positive result for the presence of Phencyclidine.
On November 10, 2008, the defendant reported to the probation office and was confronted regarding her positive drug test.  The defendant stated she did not intentionally ingest PCP, but indicated she has a cousin who regularly visits her residence and is known to smoke PCP.

RE:     Monik Michelle GRIMES
        Docket Number:  1:06CR00032-001
        **PETITION TO MODIFY THE CONDITIONS OR TERM**
        **OF SUPERVISION WITH CONSENT OF THE OFFENDER**

The defendant has tested positive on two separate occasions for PCP.  Since the source of the drug may have been the defendant's cousin who frequents the defendant's residence, the probation officer no longer supports the modification of the defendant's terms of supervision to requiring 60 days home confinement.  Rather, the probation officer recommends the Court delete the special condition for home confinement, and order the defendant to participate in a residential re-entry center as indicated above in order to separate her from the environment where she has been exposed to PCP.  The defendant agrees to the proposed modification and signed  Probation Form 49 (Waiver of Hearing to Modify Conditions of Supervision).

Respectfully submitted,

/s/ R. Walters

**R. WALTERS**
**United States Probation Officer**
Telephone:  (661) 861-4305

**DATED:**     November 20, 2008
               Bakersfield, California
               RCW:ks


**REVIEWED BY:**     /s/ Thomas A. Burgess
                     **THOMAS A. BURGESS**
                     **Supervising United States Probation Officer**

**RE:      Monik Michelle GRIMES**
**         Docket Number:  1:06CR00032-001**
**         <u>PETITION TO MODIFY THE CONDITIONS OR TERM</u>**
**         <u>OF SUPERVISION WITH CONSENT OF THE OFFENDER</u>**

---

**THE COURT ORDERS:**

( X )   Modification approved as recommended.

(   )   Modification not approved at this time.  Probation Officer to contact Court.

(   )   Other:

IT IS SO ORDERED.

**Dated:   <u>November 21, 2008</u>**          <u>         /s/ Oliver W. Wanger         </u>
                                                  UNITED STATES DISTRICT JUDGE